IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

ZACHARY GRAVES,

    Plaintiff,

v.                                                   Civil Action No. 3:09cv717

INDUSTRIAL POWER GENERATING CORP.,
d/b/a INGENCO,

    Defendant.

## MEMORANDUM OPINION

Before the Court are Defendant Industrial Power Generating Corporation's ("Ingenco") Motion to Compel (Docket No. 19) and Motion for Protective Order (Docket No. 21). Plaintiff Zachary Graves has not responded. On July 19, 2010, the Court heard oral argument, and the matters are ripe for disposition. For the following reasons, the Court will GRANT Ingenco's Motion to Compel. (Docket No. 19.) The Court will GRANT Ingenco's Motion for Protective Order. (Docket No. 21.)

### I. Factual and Procedural Background

On March 9, 2010, Graves, an African-American man proceeding *pro se*, filed an Amended Complaint in this Court alleging that Ingenco violated Title VII of the Civil Rights Act of 1964[1] by discriminating and retaliating against him because of his race. (*See* Am. Compl. ¶¶ 7-29.) Graves alleges that Ingenco hired him in February 2004 and compensated him at a rate of $11.00 per hour. (Am. Compl. ¶¶ 7-8.) Graves alleges that, sometime thereafter, he discovered that Ingenco was compensating a white employee with less experience than Graves at a rate of $12.50 per hour. (Am. Compl. ¶ 9.)

---

[1] 42 U.S.C. § 2000(e) *et seq.*

In April of 2006, Ingenco instituted a new pay scale for Level III Operators, a category that includes Graves. (Am. Compl. ¶ 13.) Graves contends that he complained to Ingenco that, under the new pay scale, he was paid less than white employees, "some of whom [Graves] had trained," and some of whom had "been employed by the defendant for less time tha[n] [Graves] had." (Am. Compl. ¶ 17.) In April of 2007, Graves again complained to Ingenco, stating "that new employees coming in from Maryland were classified at Level III Operators that were making the same or more money than plaintiff." (Am. Compl. ¶ 18.)

"On May 7, 2007, [Graves] was reprimanded for an authorized leave from [his] job." (Am. Compl. ¶ 19.) By comparison, Graves alleges, " that a similarly situated White male, Joe Lazerone was allowed to leave and was gone one (1) hour [and] was never disciplined." (Am. Compl. ¶ 21.)

Graves asserts two counts against Ingenco. Count One alleges discrimination because of race, in violation of Title VII, "by discriminating against [him], by engaging in, tolerating or failing to prevent the racial discrimination alleged above and by failing to take affirmative action to correct and redress the unlawful employment practices perpetrated against plaintiff." (Am. Compl. ¶ 23.) Count Two alleges that Ingenco retaliated against him because of his opposition to Ingenco's unlawful employment practices. Graves contends that he engaged in activity protected by Title VII "when he objected to being differently treated than similarly situated Whites who were paid more than him where he had more experience." (Am. Compl. ¶ 28.) Graves contends that his reprimand and low pay evince retaliation. (Am. Compl. ¶ 29.)

On March 30, 2010, Ingenco filed its Answer to Graves's Amended Complaint. (Docket No. 7.) On May 6, 2010, pursuant to 28 U.S.C. § 636(c), the parties consented to the jurisdiction

2

of a magistrate judge. (Docket No. 16.) The Court issued a scheduling order and scheduled a bench trial for September 16, 2010. (Docket No. 17.)

## II. Ingenco's Motion to Compel

Ingenco moves the Court to compel Graves to provide responses to Ingenco's first discovery requests. (Mot. Compel Resp. First Discovery Requests ("Mot. Compel"), at 1.) Despite two extensions of the deadline to respond to Ingenco's discovery requests and various attempts to discuss the matter with Graves, to date Ingenco has received no response from Graves.

On May 4, 2010, Ingenco served its first discovery requests on Graves. (Mem. Law Supp. Mot. Compel ("Mot. Compel Mem."), at 1 & Ex. A.) (Docket No. 20.) Under the Federal Rules of Civil Procedure, responses were due June 7, 2010. Fed. R. Civ. P. 33(b)(2); 34(b)(2)(A). On or about May 27, 2010, Ingenco contacted Graves to discuss, *inter alia*, Graves's availability for a deposition. (Mot. Compel Mem. 2.) During that May 27, 2010 conversation, Graves informed defense counsel that he would need an extension of the deadline to respond to Ingenco's first discovery requests, making his responses due after the thirty-day period prescribed by the Federal Rules of Civil Procedure. (Mot. Compel Mem. 2 & Ex. C, Email from Nelson Wilkinson, Counsel for Ingenco, Williams Mullen, to Zachary Graves (June 8, 2010, 17:36 EST) ("June 8 Wilkinson Email").)

By email, Ingenco agreed to permit Graves to respond to Ingenco's first set of discovery requests by June 14, 2010, one week after the expiration of the federal deadline. (June 8 Wilkinson Email.) Ingenco advised Graves that if it had not received his responses by the close of business on June 14, 2010, it would file a motion to compel. (June 8 Wilkinson Email.)

3

Ingenco further advised Graves that by failing to file timely objections to the discovery requests, Graves would have waived any and all objections to those discovery requests. (June 8 Wilkinson Email.) Ingenco further advised Graves that because of this Court's schedule, it did not intend to delay Graves's deposition, which was scheduled for June 23, 2010, a date agreed upon by the parties. (June 8 Wilkinson Email; *see* Mot. Compel Mem. Ex. B, Notice of Deposition.)

Graves failed to provide discovery responses by June 14, 2010. (Mot. Compel Mem. 2.) Ingenco contacted Graves by telephone, then memorialized that telephone conversation in an email. (Mot. Compel Mem. Ex. D, Email from Nelson Wilkinson, Counsel for Ingenco, Williams Mullen, to Zachary Graves (June 15, 2010, 19:18 EST) ("June 15 Wilkinson Email").) Graves informed counsel that he had not sent his discovery responses. (June 15 Wilkinson Email.) Ingenco agreed to permit Graves to respond to its first set of discovery no later than June 17, 2010, and advised Graves that his responses were critical to Ingenco's preparation for Graves's June 23, 2010 deposition.[2] (June 15 Wilkinson Email.) Ingenco again advised Graves that if it did not receive his discovery responses by the close of business on June 17, 2010, it would file a motion to compel. (June 15 Wilkinson Email.)

---

[2] The deposition did not commence as scheduled. During the July 19, 2010 hearing, counsel for Ingenco explained that Graves's deposition was scheduled to commence on June 23, 2010, but that Graves called counsel on June 22, 2010 to cancel. Graves proffered only that he was unable to take the day off work.

The Court notes that this deposition eventually took place on July 14, 2010, but not without considerable effort from counsel. Moreover, the deposition does not appear to have been an efficient use of the parties' time. The Court has reviewed the excerpts of the deposition provided during oral argument, and notes that Graves refused to answer a number of questions without reference to his notes, which he has not produced to Ingenco. In fact, during his deposition, Graves informed counsel that he would not produce his notes. (Graves Dep. 5:19-22 ("I said, not at this time. So, that's the answer to your question. You asked me would I provide you with those notes. I said, not at this time. That's the answer to your question.").)

4

On June 16, 2010 and June 17, 2010, counsel for Ingenco attempted to contact Graves by telephone to inquire about the status of Graves's discovery responses. (Mot. Compel Mem. Ex. E, Email from Nelson Wilkinson, Counsel for Ingenco, Williams Mullen, to Zachary Graves (June 17, 2010, 16:35 EST) ("June 17 Wilkinson Email").) Counsel did not reach Graves by telephone, but left him voicemail messages both days. (June 17 Wilkinson Email.)

Counsel for Ingenco then emailed Graves on June 17, 2010, reminding him that his discovery responses were due to Ingenco by the close of business that afternoon. (June 17 Wilkinson Email.) Counsel informed Graves that he had attempted to confer with him pursuant to Rule 37(a)(1)[3] of the Federal Rules of Civil Procedure, had left Graves two voicemail messages, and that if Ingenco did not receive Graves's discovery responses that afternoon, Ingenco intended to file a motion to compel and to seek sanctions. (June 17 Wilkinson Email.)

Graves did not provide Ingenco his discovery responses by the close of business on June 17, 2010. To date, Graves has provided Ingenco no response to its first set of discovery requests.[4] Accordingly, on June 18, 2010, Ingenco filed its Motion to Compel. Pursuant to Rule 37(a)(1) and Local Rule of Civil Procedure 37(E), Ingenco certified that it conferred in

---

[3] Fed. R. Civ. P. 37(a)(1) states: "[A] party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

[4] Graves has provided no excuse for his failure to respond timely to Ingenco's discovery requests. At the July 19, 2010 hearing, Graves claimed to have responded to discovery requests, and provided to the Court a copy of a document served on Ingenco on June 28, 2010.
This June 28, 2010 filing contains only objections to Ingenco's requests. In fact, in the cover letter accompanying this filing, Graves identifies the document as "Plaintiff's Objections to the Defendant's First Set of Interrogatories and First Set of Request for Production of Documents." Graves's objections were filed late, and without agreement from Ingenco that such objections be filed late.

good faith with Graves prior to filing this motion in an effort to narrow or resolve this dispute without Court intervention. (Mot. Compel 3; *see* Fed. R. Civ. P. 37(a)(1); Loc. R. Civ. P. 37(E).)

### III. Ingenco's Motion for Protective Order

On May 6, 2010, at the parties' initial pre-trial conference, Ingenco provided Graves with a draft copy of a Joint Stipulated Protective Order. (Def.'s Mem. Law Supp. Mot. Protective Order ("Protective Order Mem."), at 1 & Ex. A.) (Docket No. 22.) On or about May 6, 2010, counsel for Ingenco spoke with Graves by telephone and explained the purpose of the proposed protective order and asked Graves to contact him with any questions. (Protective Order Mem. 1-2.)

Despite several other attempts to speak with Graves, by May 24, 2010, Ingenco had not received a response to the proposed protective order. (Protective Order Mem. 2.) Accordingly, on May 24, 2010, counsel for Ingenco again contacted Graves regarding the proposed protective order. (Protective Order Mem. 2.) Graves indicated that he would review the order and return it to counsel that week. (Protective Order Mem. 2 & Ex. B, Letter from Nelson Wilkinson, Williams Mullen, Counsel for Ingenco, to Zachary Graves (May 25, 2010) ("May 25, 2010 Letter") (memorializing telephone conversation).) Ingenco informed Graves that if it did not hear from him by May 28, 2010, it intended to move unilaterally for entry of the protective order. (May 25, 2010 Letter.) Graves did not sign or return the proposed protective order to counsel for Ingenco. (Protective Order Mem. 2.)

On June 7, 2010, however, Ingenco received Graves's "First Requests for Production of Documents to Defendant." (Protective Order Mem. 2 & Ex. C ("Graves Requests for Production").) Graves's requests include "wage and salary information from personnel files and

other sources, internal processes, and apparently every document related to each and every investigation on any subject ever conducted by Defendant at any time," in addition to information from nonparty employee personnel files. (Protective Order Mem. 2; *see* Graves Requests for Production.) Ingenco objected to Graves's requests and informed Graves "that it would not produce confidential, proprietary, or personal information without the entry of a Protective Order." (Protective Order Mem. 3.)

On June 23, 2010, Ingenco filed its Motion for Protective Order. Ingenco informed the Court that it had "repeatedly and in good faith attempted to resolve this matter without the Court's involvement," but that the parties had not reached an agreement on the entry of a protective order. (Mot. Protective Order ¶ 5.)

During the July 19, 2010 hearing, Graves stated that he, too, desired a Protective Order. Indeed, Graves stated that the need for a Protective Order had prevented his ability to respond to some of Ingenco's discovery requests. Graves told the Court that he did not like some of the language in the proposed Protective Order, but he could not articulate which language he found objectionable. Ingenco stated that Graves made similar comments during their discussions regarding the proposed Protective Order, but that he similarly failed to identify the offending language, or to propose any alternative to Ingenco.

## IV. Analysis

### A. The Court Will Grant Ingenco's Motion to Compel

The decision to grant or to deny a motion to compel discovery rests within the broad discretion of the trial court. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995) ("This Court affords a district court substantial discretion in

managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion.") (*citing Erdmann v. Preferred Research, Inc.*, 852 F.2d 788, 792 (4th Cir. 1988); *LaRouche v. Nat'l Broad. Co., Inc.*, 780 F.2d 1134, 1139 (4th Cir. 1986) ("A motion to compel discovery is addressed to the sound discretion of the district court.")). If a court grants a motion to compel discovery, Rule 37 provides sanctions which courts may impose upon the party failing to comply with the discovery process. *See* Fed. R. Civ. P. 37. "[I]t is clear that dismissal and the imposition of monetary sanctions are appropriate remedies available under Rule 37 for a party's blatant and continuing failure to obey rules governing discovery and orders of the district court." *Ingram v. Family Dollar Stores of Ala., Inc.*, No. 3:06cv528-C, 2007 WL 1686914, at *2 (W.D.N.C. June 11, 2007) (*citing* Fed. R. Civ. P. 37 (b)(2); *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976); *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs.*, 872 F.2d 88, 92 (4th Cir. 1989); *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 504 (4th.Cir 1977)).

Despite two extensions of time, Graves did not provide Ingenco his discovery responses by the close of business on June 17, 2010. To date, Graves has provided Ingenco no response to its first set of discovery requests. Accordingly, the Court will GRANT Ingenco's Motion to Compel.[5]

---

[5] Because the Court will grant Ingenco's motion, it must impose a sanction on Graves in the form of fees. Rule 37 requires this action. *See* Fed. R. Civ. P. 37(a)(5)(A) ("If the motion is granted . . . the court must . . . require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."). The Court will ORDER counsel for Ingenco to contact the Court to schedule any further briefing regarding sanctions.

The Court is cognizant of Graves's *pro se* status, but finds that sanctions must issue regardless. Graves failed to answer the outstanding discovery even when forced to come to the July 19, 2010 hearing. Instead, he told the Court he had answered discovery, and submitted to

Moreover, during the July 19, 2010 hearing, the Court ORDERED Graves to provide Rule 26(a) disclosures, responses to interrogatories, and requests for production within five (5) business days, or no later than Monday, July 26, 2010. The Court warned that failure to comply with this Order could result in sanctions, including the loss of claims or defenses, the striking of all or part of pleadings, or the dismissal of all or part of a claim. Fed. R. Civ. P. 37(b)(2), (c).

### B. The Court Will Grant Ingenco's Motion for Protective Order

Federal Rule of Civil Procedure 26(c)(1) permits a court to enter a protective order "for good cause" and "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). To the extent Graves seeks the personnel files or records of nonparty employees of Ingenco (*see* Graves First Requests for Production), the Court finds that Ingenco has demonstrated good cause for entry of a protective order. *See Miles v. Boeing Co.*, 154 F.R.D. 112, 114-15 (E.D. Pa. 1994) (ordering personnel file produced subject to a protective order).

Graves lodged no specific objection to the proposed Protective Order before the Court. Having reviewed the proposed Protective Order and deeming it appropriate to meet both parties' needs, the Court will GRANT Ingenco's Motion for Protective Order.

### V. Conclusion

The Court will GRANT Ingenco's Motion to Compel. (Docket No. 19.) The Court will GRANT Ingenco's Motion for Protective Order. (Docket No. 21.) Because the Court will grant Ingenco's motion, it must impose sanctions on Graves in the form of fees. *See* Fed. R. Civ. P.

---

the Court as proof a copy of what were actually his belated objections to discovery. This Court cannot fathom how Graves could represent to the Court that his objections were, instead, responses.

9

37(a)(5)(A). The Court will ORDER counsel for Ingenco to contact the Court to schedule further briefing regarding sanctions.

Moreover, during the July 19, 2010 hearing, the Court ORDERED Graves to provide Rule 26(a) disclosures, responses to interrogatories, and requests for production within five (5) business days, or no later than Monday, July 26, 2010. The Court warned that failure to comply with this Order could result in sanctions, including the loss of claims or defenses, the striking of all or part of pleadings, or the dismissal of all or part of a claim. Fed. R. Civ. P. 37(b)(2), (c).

Finally, the Court will WARN Graves that any failure to respond to any of Ingenco's reasonable discovery requests, or to otherwise comply fully with any of the Court's Orders, the Local Rules of Civil Procedure, or the Federal Rules of Civil Procedure may result in the imposition of sanctions in the form of fees and costs, in the loss of claims or defenses, in the striking of all or part of pleadings, or in the dismissal of all or part of a claim. Fed. R. Civ. P. 37(b)(2), (c); *Ingram*, 2007 WL 1686914, at *2; *Dennison v. Regeneron Pharm., Inc.*, No. 3:06cv344-C, 2007 WL 1521109 (W.D.N.C. May 22, 2007).

An appropriate Order shall issue.

/s/ 
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 7-20-10